**In the Matter of Lee PETTAY.**

No. 53S00–0107–DI–343.

Supreme Court of Indiana.

Feb. 24, 2004.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action*, we find that the respondent engaged in attorney misconduct.

**Facts:** Under Court I, a client, against whom proceedings supplemental were pending, hired the respondent to file a petition for bankruptcy. The respondent's staff notified the court where the proceedings supplemental were pending that a bankruptcy petition had been filed. In the meantime, the bankruptcy court ordered the client to provide additional information to complete the bankruptcy filing. The information was not filed. The bankruptcy court then issued a notice that it would dismiss the case for failure to complete an affidavit of residency. The trial court contacted the respondent's staff regarding the impending dismissal. Staff informed the trial court that the bankruptcy "did go through." Subsequently, the bankruptcy court dismissed the case. The respondent did not immediately inform the client and never informed the trial court of the dismissal. In fact, approximately one year later when proceedings supplemental were reinstituted against the client, the respondent filed a notice of bankruptcy and motion for stay with the trial court even though the bankruptcy action had been dismissed.

Under Count II, a client hired the respondent to file a Chapter 7 bankruptcy petition. A creditor objected to the bankruptcy. The client informed the respondent of a defense to the creditor's objection. The creditor tendered requests for admissions to which the respondent did not file a timely response. The creditor then filed a motion for summary judgment to which the respondent did respond, albeit untimely and deficient under the Federal Rules of Civil Procedure. The bankruptcy court granted the motion for summary judgment and denied dischargability of the debt in question. Without consulting the client, the respondent converted the bankruptcy from a Chapter 7 to a Chapter 13. The client terminated the respondent's representation and hired new counsel to attempt to set aside the summary judgment.

**Violations:** The respondent violated Ind.Professional Conduct Rule 1.1 by failing to provide competent representation to his client; Prof.Cond.R. 1.2(a) by failing to abide by a client's decisions concerning the objectives of representation; Prof.Cond.R. 1.3 by failing to act with reasonable diligence and promptness in representing a client; Prof.Cond.R. 3.3(a)(1) by knowingly making a false statement of material fact or law to a tribunal; and Prof.Cond.R. 8.4(d) by engaging in conduct prejudicial to the administration of justice.

The respondent and the Commission previously proposed that this matter be resolved by a public reprimand. We rejected this proposal, preferring to have the benefit of a full hearing and recommendation from a hearing officer. The hearing officer has now recommended the respondent be publicly reprimanded for his acts. Although we are not bound by the hearing officer's recommended sanction[1], under

---

1. *Matter of Pawlowski,* 165 N.E.2d 595, 240 Ind. 412 (1960) (This Court has power and

the facts of this case we will defer to the hearing officer's recommendation. Otherwise, we would have concluded that a suspension is appropriate.

Therefore, based upon the misconduct found herein, this Court now finds that the respondent should be reprimanded and admonished for his misconduct. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, Leslie C. Shively, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

SULLIVAN, BOEHM and RUCKER, JJ., concur.

SHEPARD, C.J. and DICKSON, J., dissent, believing the sanction imposed is not commensurate with the severity of the misconduct.

duty to re-examine evidence in attorney disciplinary matter regardless of recommendation and findings); *Matter of Campbell,* 546 N.E.2d 821 (Ind.1989), (where neither respondent nor Commission petition for review, this Court "... arrives at the ultimate determination of misconduct and sanction only after a *de novo* examination of all matters submitted in the case").